DeForest C. Pitt, J.
Petitioner, an inmate of Attica State Prison, seeks judgment upon this article 78 proceeding voiding a determination of the Board of Parole or alternatively granting a de novo hearing before said board. The subject determination denied parole to the petitioner. The respondents have served an answer wherein they have raised objections in point of law.
The petitioner here, in the main, raises the lately anticipated question of his right to counsel at a hearing held to determine his eligibility for parole. It is maintained that the subject hearing was not “ a judicial type hearing ”, as allegedly mandated by statute (Correction Law, § 212) and the principles of administrative law. Specifically it is urged that the established procedure and the particular treatment afforded the petitioner were violative of the constitutional guarantee of due process of law. It is argued that this violation occurred in the failure to notify the petitioner of his right to be represented by counsel as well as in the failure to notify him of the issues, charges and evidence involved in the board’s determination, and the further failures to afford to the petitioner an opportunity to offer evidence in his own behalf and to specify the findings upon which the board’s determination was based.
Heavily relied upon is the case of Mempa v. Rhay, decided November 13, 1967, by the United States Supreme Court (389 U. S. 128, 134). This well-publicized case held that under the 6th Amendment there was a right to counsel in probation revocation proceedings at which a deferred sentence may be imposed. It is urged that the rationale of the Mempa case can be applied to the instant matter for -the reason that we must here realize that the Parole Board’s function in the granting of parole or the denying of the same is, like in the revocation of probation matters, a ‘ ‘ deferred sentencing ’ ’ procedure and it is another “ stage of a criminal proceeding where substantial rights of a criminally accused may be affected.”
There are, however, substantial differences in revocation of probation and in the granting of parole. Not only is the revocation of probation a function of the court which may well subject the violator to additional imprisonment by virtue of the court’s power to impose any sentence it may have originally imposed, but more basic yet is the concept of the taking versus the giving. (The concept is old and well embedded in our law. The terminology is perhaps new, but it is thought expressive.) It is clear at least that when one’s probation is revoked he is being divested of something that he was theretofore possessed of, i.e., his freedom, which is of course a substantial right, which had not before been completely taken from him by the court. A judicial fact- *586 finding process is necessitated. This is the taking. Conversely, however, in the matter of the granting of parole his freedom has already by due process of law been denied him. He is at this juncture being divested of nothing. The sole determination to be made is whether he should be afforded a type of liberty which he does not have. This is the giving. If paroled, the convict is still considered in custody. He is merely granted more liberal treatment.
It may well be that this matter will be viewed by others in an entirely different light. Undeniably, the subject matter here touches an area of the law which is of great concern to our present day society and the courts have reflected this concern with considerable new thinking and the resultant new rules. However, this court of original jurisdiction is not convinced of the merits of the petitioner’s arguments and accordingly cannot in conscience upset controlling procedures and precedents in the name of our Federal Constitution.
The respondents may submit a judgment dismissing the petition.