Irving Goldman, J.
The prisoner Ochs was released on parole from a conviction as a second offender on October 26, 1965. On June 24,1966, he was arrested on a Federal charge following which a detainer was placed against him by the New York State Division of Parole. On October 14, 1966, the Federal charge against the prisoner was dismissed in the United States District Court apparently since the Federal authorities were convinced that Ochs was innocent having been erroneously identified as one of the perpetrators of the Federal crime. On October 24, 1966, the prisoner was transferred to Sing Sing. On December 7, 1966, he was given a parole hearing at which time the Parole Board remanded him to prison.
The issue raised here is whether the prisoner was deprived of a substantial right when his demand for representation by counsel at the parole hearing of December 7, 1966, was denied Such denial was apparently made in accordance with the then existing section 218 of the Correction Law which provided that: “The board of parole shall, as soon as practicable, give such parole violator an opportunity to appear personally, but not through counsel or others, before three members of such board of parole and explain the charges made against him.” (Italics supplied.)
The Appellate Division for the Fourth Department has held that a delinquent parolee was entitled to representation by counsel according to the New York State Constitution despite the language of section 218 of the Correction Law. (People ex rel. Combs v. La Vallee, 29 A D 2d 128.) More recently, the Supreme Court for New York County (Chimera, J.) has followed the Combs decision in Matter of Menechino v. Division of Parole (57 Misc 2d 865) as has the Supreme Court for Clinton County in People ex rel. Holland v. La Vallee (Nov. 1, 1968).
The Appellate Division in this Department has affirmed without opinion the lower court’s decision in Matter of Briguglio v. New York State Bd. of Parole (55 Misc 2d 584, affd. 30 A D 2d 639) which held that a prisoner seeking parole is not entitled to representation by counsel. Briguglio can be distinguished in that the prisoner there was not at liberty but actually incarcerated and seeking parole in the first instance. The relators in Combs and Holland had been granted their liberty, were on *629 parole, and the hearing was brought to determine whether parole should be terminated and the prisoners reimprisoned. (But cf. Schwartzberg v. Oswald, 8 A D 2d 570.)
With the growing concern for due process, the courts appear to be adopting the view of Chief Judge Fuld as expressed in his dissent in People v. Simons (22 N Y 2d 533) where at page 545 he wrote: “ I am inclined to the view that a parolee is also entitled to be represented by counsel in a parole revocation proceeding which is truly independent of, and unrelated to, a criminal prosecution brought against the parolee. (Cf. Mempa v. Rhay, 389 U. S. 128.) That question, however, need not here be considered or passed upon.”
The relief which relator seeks was initiated by a writ of habeas corpus. It is the decision of this court that the prisoner be granted a new hearing by the Board of 'Parole where he shall have the right to be represented by counsel, the said hearing to be held within 60 days of the entry of the order herein; failing which the writ herein shall be sustained and the relator discharged from custody.