The People of the State of New York ex rel. William Marvin, Appellant, against Thomas McDonnell, as Warden of Riker's Island Penitentiary, Respondent.

First Department, June 17, 1952.

*Harry H. Greis* for appellant.

*Chester E. Kleinberg* of counsel (*Frank S. Hogan, District Attorney, New York County*), for respondent.

COHN, J. On February 26, 1946, after a plea of guilty to the crime of assault in the third degree, relator was sentenced by the Court of General Sessions to an indefinite term in the New York City penitentiary pursuant to article 7-A of the Correction Law of the State of New York. He remained at the penitentiary until August 5, 1947, when he was released on parole, and immediately delivered to the Warden of Sing Sing prison, where he was placed in confinement until he was discharged on March 5, 1948. The imprisonment in Sing Sing was compelled because relator owed that time on a prior sentence upon which he had been paroled.

When freed from Sing Sing relator had been credited with having served two years and one month of his sentence to the city penitentiary, which left a period of eleven months unserved. The indefinite sentence of three years in the penitentiary did not expire until February 25, 1949.

It is the claim of the parole commission of the city of New York that upon his release from Sing Sing on March 5, 1948, relator was required to report to its parole authorities. For his failure so to do he was declared a parole violator, and on March 25, 1948, a warrant was issued for his arrest. This warrant was not executed until September 17, 1951, when relator was recommitted to serve the eleven months due under his

original sentence. Relator contends that he was never directed to report to the parole commission on March 5, 1948, or at any time before or after his release from Sing Sing prison; and that he had never been given a copy of the conditions of his parole. Such procedure is required under section 215 of the Correction Law for prisoners paroled from State institutions. The New York City penitentiary is not a State institution. It is nonetheless undisputed that the New York City Parole Board adopted rules which in substance embodied the rule of section 215 of the Correction Law which provides: " The board of parole in releasing a prisoner on parole shall specify in writing the conditions of his parole, and a copy of such conditions shall be given to the parolee.  *  *  * "

If relator was not notified of the conditions of parole, he could not justifiably be adjudged a parole violator for failure to report. However, it is stated that a letter was sent to the inmate in Sing Sing advising him that it would be necessary for him to report to the city parole commission upon his release from that institution. Relator denied having received such a letter. This issue thus raised was not tried out at the Special Term. It should have been. If it be determined as a fact that he received adequate notice that he was required to report, but failed to do so, relator is guilty of violation of his parole. In such event, the expiration date of the sentence imposed upon that conviction was automatically extended to August, 1952, because of the three and one-half-year period which elapsed between the date of defendant's parole violation and the date of his reapprehension. (*People ex rel. Patterson* v. *Bockel,* 270 N. Y. 76 [1936]; *People ex rel. Ryan* v. *Lawes,* 254 App. Div. 589 [2d Dept., 1938]; *People ex rel. Ross* v. *Lawes,* 227 App. Div. 464, 467 [2d Dept., 1929].) As a parole violator relator's present detention would be proper, but if no violation is established then his incarceration is illegal and he is entitled to his discharge.

The order should be, accordingly, modified to the extent of directing a hearing upon the issue as to whether relator was in fact a parole violator in March, 1948.

Peck, P. J., Dore and Callahan, JJ., concur.

Order unanimously modified to the extent of directing a hearing upon the issue as to whether relator was in fact a parole violator in March, 1948, and, as so modified, affirmed. Settle order on notice.