■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES HUGH ALLEN, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. — Order unanimously reversed and matter remitted to Cayuga County Court for further proceedings in accordance with the memorandum. Memorandum: Relator's petition alleges that the State of New York had taken him into custody for violation of parole and failed to exercise its prior right to him by turning him over to various other jurisdictions, both State and Federal, for trial and service of jail sentences; that this action was an improper interruption of his imprisonment in New York State and that he should be credited with the time served in these other jurisdictions and that by reason thereof his maximum sentence in New York has expired and his continued detention is therefore illegal. Relator was given a brief and inadequate hearing at which he was not represented by counsel. At the hearing relator put into evidence 10 exhibits

dealing with his transfer to various States starting with his consent to be extradited from Clinton County, New York to Colorado where he was tried and served time. Upon the expiration of that sentence he was extradited to Wyoming for trial and service of sentence; thereafter he was surrendered to Idaho Federal authorities where he was tried and sent to prison and finally he was imprisoned in the State Penitentiary at Lewisburg, Pennsylvania. Thereafter he was returned to New York to complete the serving of a sentence as a parole violator, under which commitment he is still incarcerated and which detention is the subject of this writ of habeas corpus. Although relator specifically raises the question of illegal interruption of imprisonment in his petition, there was a lack of proof of whether relator was taken into custody by the parole authorities and the measures taken by the Parole Board after relator was turned over to the Colorado authorities. There is sufficient in this record, however, to have alerted the County Court to the need for a more complete hearing and for the court to have inquired if relator desired counsel. Under the doctrine of *People ex rel. Rainone* v. *Murphy* (1 N Y 2d 367) the State Parole Board, pursuant to section 218 of the Correction Law, once having taken a person subject to its jurisdiction into custody for parole violation, cannot commit any act which interrupts the running of the sentence. As Chief Judge CONWAY said at page 373: " The prisoner, by his own act of delinquency amounting to a violation of parole, may interrupt the running of the sentence. However, it begins to run again when he is apprehended * * * Regardless, however, of what the *Parole Board* does with the prisoner, *after it has regained custody of him,* his State sentence continues to run." (But, see, *People ex rel. Kenny* v. *Jackson,* 3 A D 2d 958, affd. 4 N Y 2d 229; *Matter of Perillo* v. *New York State Bd. of Parole,* 4 A D 2d 355, affd. 4 N Y 2d 1013; Correction Law, § 218, as amd. by L. 1960, ch. 473, § 2.) We cannot, of course, determine on this record whether there was in fact such an interruption of sentence as to have required County Court to have sustained the writ. A new hearing should be had at which the relator should be assigned counsel, if he should so request, and a full inquiry be had into the question presented by the relator's petition. (Appeal from order of Cayuga County Court dismissing writ of habeas corpus and remanding relator to custody of Warden of Auburn Prison.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.