■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD G. REYNOLDS, Appellant.— Order unanimously reversed and matter remitted to Monroe County Court for a hearing in accordance with the memorandum. Memorandum: Upon the charge of violation of probation, the defendant was entitled to a hearing. "On his being arraigned and after an opportunity to be heard the court may revoke, continue or modify his probation." (Code Crim. Pro., § 935.) That being so, he was entitled to be fully and correctly advised of his right to counsel. The advice given him as to this right· was incorrect, incomplete and misleading — particularly when he was told that he was entitled to counsel unless he should plead guilty, in which event he would not be entitled to counsel, but that if he had a hearing he could have an assigned attorney. We realize that there have been cases that hold or indicate that a defendant is not entitled to counsel upon a charge of violation of probation. (*People* v. *St. Louis*, 3 A D 2d 883; *People ex rel. Massengale* v. *McMann*, 8 A D 2d 645.) However, we feel that it is preferable, if not actually necessary, that a probation violator be fully informed as .to his right to counsel. This philosophy is in accord with many recent pronouncements on this subject. *People* v. *Oskroba* (305 N. Y. 113) does not hold to the contrary. In any event, if the Trial Judge takes it upon himself to advise the defendant of his rights he should do so properly and not give him inaccurate or misleading advice, as was the result in the present case. This is particularly so where

488

the court decides, as in the case before us, that the matter presented considerations which prompted him to change the original sentence. It is in just such a situation that counsel may be most essential and effective in protecting defendant's rights. (Appeal from order of Monroe County Court, denying, without a hearing, motion to vacate a judgment of conviction for burglary, third degree, rendered September 8, 1960 and to vacate a judgment rendered February 5, 1964, adjudging defendant to be a parole violator.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.