THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THEODORE HAMILTON, Appellant.

Fourth Department, July 1, 1966. ·

*E. George Perdix* (*James P. Manak* of counsel), for appellant.

*Michael F. Dillon, District Attorney* (*Barbara M. Sims* of counsel), for respondent.

WILLIAMS, P. J. The question before us is whether the defendant was entitled to be advised of his right to counsel upon a hearing for violation of probation. The present proceeding is in the nature of *coram nobis*. The defendant presented a petition in which he alleged that upon the violation hearing he was not represented by counsel and that never at any stage of the proceeding was he advised of his right to be represented by counsel by the presiding Justice, the District Attorney, the Clerk of the court or anyone else.

The records show that in 1955 defendant entered a plea of guilty to robbery in the second degree and on May 6, 1955 he was sentenced to Elmira Reformatory until discharged by law. That sentence was suspended and he was placed on probation. The petition shows that on February 11, 1959 defendant, an indigent person, was arraigned for violation of the probationary sentence at a term of the Supreme Court, Erie County. He was found guilty of the violation charged and was sentenced to a term of from 7 to 15 years.

It is conceded that upon the hearing for violation, if in fact there was a hearing, he was not advised of his right to counsel, he was not represented by counsel and he did not request counsel. When the petition in the present proceeding came before the court, the relief was denied without a hearing as a matter of law on the ground that the petition did not state facts sufficient to entitle him to a hearing for the reason that there was no requirement that a person charged with violation of probation be advised of his right to counsel. That is the simple question before us.

The procedure upon a charge of violation of probation should be in accordance with section 935 of the Code of Criminal Procedure. That section provides in part: " On his being arraigned and *after an opportunity to be heard* the court may revoke, continue or modify his probation " (italics ours). We said in *People* v. *Reynolds* (25 A D 2d 487) that since the language of the statute clearly indicates that one accused of probation violation is entitled to a hearing, he had a right to counsel and should have been fully and correctly advised of that right. Although there are cases, both Federal and State, that indicate that there is no constitutional requirement that advice as to the right to counsel be given, we feel, as we said in *Reynolds,* that he was entitled to be so advised.

That is particularly so under the facts of this case. His sentence to the Elmira Reformatory until discharged by law would have been for a period not to exceed five years. (Penal Law, § 2185; Correction Law, § 288.) However, when he was found guilty of the violation of probation, his sentence was increased to a term the minimum of which was 7 years and the maximum 15 years, a very substantial increase. This alone indicates the importance of the proceeding and the necessity of giving the defendant advice which would enable him to understand his rights and to protect himself by availing himself of those rights. We do not mean to say that the court had not the power to impose the increased sentence (Code Crim. Pro., § 935), but the existence of that power is of critical importance in view of the accused's right to counsel at sentencing (*Berry* v. *New York,* 375 U. S. 160; *People* v. *Hannigan,* 7 N Y 2d 317).

In a case where an accused was sentenced to imprisonment after revocation of a prior suspended sentence and probation, on the basis of a hearing at which he was neither represented by counsel nor advised of his right to be so represented, the Supreme Court of Pennsylvania (*Commonwealth ex rel. Remeriez* v. *Maroney,* 415 Pa. 534 [1964]) said that since such a hearing was the final opportunity for presenting and urging

matters which might affect his freedom, it was a critical stage of the proceeding and in order that sentence be " constitutionally acceptable " accused was entitled to be represented by counsel. We agree.

In *Powell* v. *Alabama* (287 U. S. 45, 68–69) quoted with approval in *Gideon* v. *Wainwright* (372 U. S. 335, 344–345) concerning the right to counsel it is stated: " The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence."

The above quotation deals primarily with the right to counsel and not necessarily with advice as to that right, but the United States Supreme Court and the courts of this State have said that if one is entitled to counsel he is also entitled to be so advised and that the right can only be waived knowingly and meaningfully. (*Johnson* v. *Zerbst*, 304 U. S. 458, 462–468; *People* v. *McLaughlin*, 291 N. Y. 480; *People ex rel. Moore* v. *Hunt*, 258 App. Div. 24.)

It is generally agreed that the proceeding need not be as precisely and exactly formal as an original trial upon an accusation of crime, but the rights of the accused must be fully protected. (*People* v. *Oskroba*, 305 N. Y. 113.) Excerpts from the opinion in the *Oskroba* case are extremely important in analyzing the present problem. It is said (pp. 117–118): " We do not seem to have passed on the meaning of the phrase ' an opportunity to be heard ' as used in the statute; at least no case has been called to our attention by counsel and our own research has produced none. However, it would seem elemental that the term contemplates notice to the probationer of the violation charged, with an opportunity to attack or deny the charge (*Matter of Long*, 287 N. Y. 449; *People ex rel. Benacquista* v. *Blanchard*, 267 App. Div. 663; *People ex rel. Stumpf* v. *Craig*, 79 Misc. 98; cf. *People ex rel. Valiant* v. *Patton*, 221 N. Y. 409).

There is no requirement of formal procedure (*People ex rel. Kuney* v. *Adams,* 280 N. Y. 794, affg. 256 App. Div. 802) but nonetheless the defendant here was accorded every reasonable opportunity to be heard within the common understanding of due process. He had notice of the charge upon arraignment — he pleaded not guilty — witnesses were sworn — he took the stand in his own behalf, and from the record thus made the court was able to decide and did decide that the evidence adduced established the violation as charged.'' In other words, the sentence was sustained over the claim that the defendant was denied '' an opportunity to be heard ''. But the court found that his rights were fully protected. He was represented by counsel and apparently was given a fair hearing. We do not see that *People* v. *Oskroba* is contrary to this present decision. In fact, it fortifies the appellant's position.

'' An opportunity to be heard '', afforded to a person with limited or little knowledge of the law, without understanding his rights, without having been advised of his rights, and without the aid of counsel can be an empty and hollow thing. The right to '' attack or deny the charge '' becomes a barren right when one does not know he has it or is not so informed. Had he been told of this right, the very serious result might have been quite different.

Our conclusion, as expressed herein, is in accord with modern philosophy and the trend toward a full protection of persons accused, whether the accusation is of the commission of a crime or the violation of probation which might result, as here, in the pronouncement of a long and increased sentence.

The order should be reversed and the matter remitted to the Supreme Court of Erie County for a hearing on the charge of violation of probation, at which time the defendant should be fully advised of his rights in accordance with this opinion.

Bastow, Henry, Del Vecchio and Marsh, JJ., concur.

Order unanimously reversed and matter remitted to Supreme Court, Erie County, for a hearing in accordance with the opinion.