THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE COMBS, Appellant, v. J. EDWIN LA VALLEE, as Warden of Auburn State Prison, Respondent.

Fourth Department, January 11, 1968.

*Albert S. Pergam* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Robert A. Contiguglia Ruth Kessler Toch* and *William S. Elder, Jr.,* of counsel), for respondent.

BASTOW, J. In 1961 relator as a second offender was sentenced to a term of 7½ to 15 years imprisonment. Some four years later he was released on parole and subsequently was declared delinquent allegedly for failure to report to a parole officer.

During these intervening years relator sought post-conviction relief in both State and Federal courts. (See 19 A D 2d 639, 31 F. Supp. 942, affd. 357 F. 2d 809, cert. den. 385 U. S. 872). In the United States Court of Appeals one Stephen R. Barnett, an attorney in New York City, was designated to represent relator (*United States ex rel. Combs* v. *Denno,* 357 F. 2d 809, 812).

It appears that after appellant had absconded from parole supervision this attorney was of some assistance to the authorities in locating relator in New Jersey where he was arrested and returned to this State. During this period of three months Mr. Barnett was in communication with the parole authorities. After relator's return to this jurisdiction the attorney by letter inquired " as to the opportunity for Combs to be represented by counsel at this forthcoming hearing " and offered to provide such legal representation. The offer was rejected with the summary statement that parolees were not entitled to be represented at such a hearing.

Thereafter, an associate of Mr. Barnett, who is now practicing outside of the State, brought this habeas corpus proceeding seeking the release of relator on the ground that his present detention is illegal because of the denial of his right to counsel at the revocation hearing. Special Term denied relief (53 Misc 2d 281).

Section 218 of the Correction Law mandates the warden of a prison to notify the Board of Parole of the return of a paroled prisoner charged with violation of parole. " Thereupon, such board of parole shall, as soon as practicable, hold a parole court at such prison or institution and consider the case of such parole violator, who shall be given an opportunity to appear personally, but not through counsel or others, before such board of parole and explain the charges made against him." An identical provision was contained in section 218 of the former Prison Law, added by chapter 485 of Laws of 1928.

The issue thus presented is whether or not the constitutional rights of appellant to be represented by counsel and to be afforded due process were violated by the refusal of the parole

authorities to grant the request of Combs' counsel to be present at the " parole court ". We conclude that they were.

We further conclude that this issue may be decided without regard to the Due Process Clause of the Fourteenth Amendment of the Federal Constitution but upon this State's decisional law and the constitutional provisions pertaining to the right to counsel and its guarantee of due process (N. Y. Const., art. I, § 6). A similar conclusion was reached in *People* v. *Donovan* (13 N Y 2d 148, 151) where it was said that " The right of an accused to counsel as a procedural safeguard in our system of government enjoys equal eminence " with the privilege against self incrimination.

During recent years we have seen a gradual enlargement of the right to counsel of a defendant or of an accused or suspect. Thus, in a series of decisions such right has been extended from the trial itself to pretrial proceedings. (See *People* v. *Di Biasi*, 7 N Y 2d 544; *People* v. *Waterman*, 9 N Y 2d 561; *People* v. *Meyer*, 11 N Y 2d 162; *People* v. *Rodriguez*, 11 N Y 2d 279; *People* v. *Donovan, supra*.) Finally, to implement *Miranda* v. *Arizona* (384 U. S. 436) the right to counsel has been given to a suspect prior to questioning by law enforcement officers. (Cf. *People* v. *McQueen*, 18 N Y 2d 337.)

Similarly, the right to counsel has been enlarged as to post-conviction proceedings. Thus, in a revocation of probation proceeding where the statute (Code Crim. Pro., § 935) gives the alleged violator " an opportunity to be heard " this court has held that the individual is entitled not only to counsel but to be informed of such right. (*People* v. *Hamilton*, 26 A D 2d 134; *People* v. *Reynolds*, 25 A D 2d 487.)

Whatever doubt may have existed as to the correctness of these decisions has been swept away by *Matter of Gault* (387 U. S. 1) and *Mempa* v. *Rhay* (389 U. S. 128). Gault was a 15-year-old, who had been placed on probation by a Juvenile Court. Subsequently, he was returned to court on petition of a probation officer. The court summarily dismissed the contention that the probation officer or the Judge could represent the youth and wrote (387 U. S. 1, 36) that " There is no material difference in this respect between adult and juvenile proceedings of the sort here involved. In adult proceedings, this contention has been foreclosed by decisions of this Court " citing *Powell* v. *Alabama* (287 U. S. 45, 61) and *Gideon* v. *Wainwright* (372 U. S. 335). In *Mempa* (*supra*, p. 134) the court enunciated the principle " that appointment of counsel for an indigent is required at

every stage of a criminal proceeding where substantial rights of a criminal accused may be affected."

It is recognized, as respondent contends, that there are basic differences between probation and parole. The obvious difference is that in the latter the court imposed sentence may not be changed. Second, it might be argued that a violation of parole is no part of a criminal proceeding. We do not view these differences as so vital that counsel should be mandated in the one and denied in the other.

The right to counsel is guaranteed " in any trial in any court " (N. Y. Const., art. I, § 6). The Board of Parole is mandated to " hold a parole court " at which the alleged violator is given the right " to appear personally   *   *   *   and explain the charges made against him " (Correction Law, § 218). Indeed, the Board of Parole has recognized the similarity between such a hearing and a formal judicial proceeding. In discussing the parole violation report it has been written that " Before the violation of parole report is submitted to a member of the Board of Parole, the parolee is given the same opportunity to defend himself and explain his actions as that afforded a defendant in a court action." (Facts and Figures About the Activities of the Board of Parole and the Division of Parole [1966], p. 24.) " The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law   *   *   *. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence." (*Powell* v. *Alabama*, 287 U. S. 45, 68–69.)

When all the legal niceties are laid aside a proceeding to revoke parole involves the right of an individual to continue at liberty or to be imprisoned. It involves a deprivation of liberty just as much as did the original criminal action and, it is submitted, falls within the due process provision of section 6 of article I of our State Constitution.

While not here controlling, it is of interest to note that the statutes of several States expressly provide that an alleged parole violator is entitled to counsel in a revocation proceeding. (Sklar, Law and Practice in Probation and Parole Revocation Hearings 55 J. Crim. L. [1964], 175, 181–182.) Similarly, the proposed Model Penal Code provides that in preparation for

such a hearing the parolee " shall be permitted to advise with his own legal counsel " and at the hearing he " may admit, deny, or explain the violation charged, and he may present proof, including affidavits and other evidence, in support of his contention." (Amer. Law Inst. Model Penal Code, Proposed Official Draft [1962], § 305.15.)

To the plaint that permitting counsel to appear at such a " parole court " might in some fashion be difficult to implement it is only necessary to point out that similar contentions have been summarily brushed aside or ignored in passing on the right to counsel at trials in courts of special sessions (*People* v. *Witenski,* 15 N Y 2d 392); in *coram nobis* proceedings in such inferior courts (*People* v. *Monahan,* 17 N Y 2d 310) and in habeas corpus proceedings (*People ex rel. Williams* v. *La Vallee,* 19 N Y 2d 238).

Lastly, we conclude that upon the facts presented habeas corpus is a proper proceeding in which to raise the issue passed upon (cf. *People ex rel. Keitt* v. *McMann,* 18 N Y 2d 257).

The order should be reversed and an order made directing that if the Board of Parole shall not within 30 days from the date of entry of such order hold a new hearing at which appellant shall have the right to be represented by counsel then the writ shall be sustained and relator discharged from custody.

WILLIAMS, P. J., GOLDMAN, HENRY and MARSH, JJ., concur.

Order unanimously reversed and order entered directing that if Board of Parole shall not within 30 days from the date of entry thereof hold a new hearing at which appellant shall have the right to be represented by counsel, then the writ shall be sustained and relator discharged from custody.