John H. Farnham, J.
Following the granting of a writ of habeas corpus by the Supreme Court, the relator seeks her release from incarceration in the Onondaga County Penitentiary by a writ of habeas corpus, where pursuant to an order of the Family Court of the City of Binghamton she has been confined since January 17 last.
On January 9, 1968, Clarence W. Chase, as Director of the Probation Department and Deputy Clerk of the Family Court *58 of Broome County, petitioned said court, praying that said relator, then designated as petitioner, be dealt with in accordance with section 454 of the Family Court Act for stated violation of the terms of her probation previously ordered after she had been arraigned on a charge of failing to support her infant child. The stated reason for claimed probation violation was failure to report as ordered and failure to procure employment.
A hearing on the petition was had before the said Family Court on January 17, 1968. At the request of this court the minutes of said hearing were furnished to it. The minutes are brief and rather sketchy. They reveal that the Family Court Judge presiding informed the relator that the hearing was being held as a result of her failure to comply with the probation order and further that ‘ ‘ before proceeding, I wish to advise you that you are entitled to counsel and are entitled to an adjournment for the purpose of obtaining counsel. Do you want an attorney to represent you in this matter? A. No.”
Thereafter the relator pleaded guilty and was sentenced to a six months’ term in the Onondaga County Penitentiary, pursuant to sections 454 and 456 of the Family Court Act.
This court is of the opinion that this procedure was defective in that the relator was not advised properly of her right to assigned counsel.
While it is true that the proceeding was not strictly or technically a criminal proceeding but rather a probation violation in Family Court, in this court’s opinion it was a quasi-criminal proceeding in that the relator was given a six months’ term of confinement in the penitentiary, pursuant to statute and, of course, thereby she was deprived of her liberty. The sentence imposed was the maximum allowable and not mandatory.
Relator was not advised of her right to assigned counsel. This requirement concerning advising a defendant of his right to assigned counsel in a criminal proceeding has been the law of this State since 1965. (See People v. Witenski, 15 N Y 2d 392.) The right to be advised of right to assigned counsel has been held to apply to a hearing for violation of probation in a criminal proceeding. (People v. Hamilton, 26 A D 2d 134.)
This right also has been extended to hearings before a parole court. (People ex rel. Combs v. La Vallee, 29 A D 2d 128.)
The court can see no reason why the requirement of such advisement of the right to assigned counsel under the WitensTci mandate should not apply to the instant situation, ‘1 When all the legal niceties are laid aside a proceeding to revoke parole involves the right of an individual to continue at liberty or to be imprisoned.” (People ex rel. Combs v. La Vallee, supra, *59 p. 131.) It is this court’s opinion that the quoted sentence applies as well to probation violation. This right to assigned counsel also has been held to apply to commitments of juvenile delinquents (not necessarily a criminal proceeding). (Matter of Gault, 387 U. S. 1.)
The relator now is 21 years old. She did not attain her majority until December 29, 1967, and, therefore, although perhaps not particularly pertinent, it is obvious that during the major portion of the period of probation the relator still was an infant.
It may be true as counsel for the respondent argues that she had no defense to the alleged violation of her probation. By the same token it is possible that she may have had such a defense, and this would be determinable only with the assistance and advice of an assigned counsel. The court is not satisfied that she was so advised of her right to assigned counsel and further that she intelligently waived such right of representation. (See People v. Witenski, supra, p. 395.) .
The writ is granted and the respondent is directed to release the petitioner from custody.