Thomas C. Chimera, J.
In this “ article 78 ” proceeding petitioner, pro se, seeks review of determinations made by the Board of Parole at “ hearings ” held in 1965 and 1967 wherein petitioner was successively remanded to prison as a parole violator and denied parole.
The important question raised is whether petitioner was deprived of constitutional right because of failure to afford him counsel during those “ hearings ” and particularly during the first of them wherein his parole was revoked. He had served 16 years of a sentence of 20 years to life following his plea of guilty of the crime of murder in the second degree and had been out on parole for a little more than 16 months.
This issue is too important to warrant hairsplitting over technical questions of form and forum. Those questions are not reached.
The present dialogue and decisional trend throughout the land seems to suggest that at any stage of any proceeding involving a person’s liberty, an “ accused ” is entitled to a hearing as a matter of constitutional right; he must be afforded the same opportunity to defend himself and explain his actions as that afforded a defendant in a court action; that both the right to counsel and to meaningful advice with respect to such right are concomitants of such a hearing and perhaps the most important individuating notes of due process. (See, generally, Amer. Law Inst., Model Penal Code, as proposed Official Draft [1962], § 305.15; Sklar, Law and Practice in Probation and Parole Revocation Hearings, 55 J. Crim. L., C. & P. S. [1964] 175 et seq. Consider the polemics and the authorities cited under the headings Policy Considerations for Granting a Full Hearing [p. 196] and Necessity of a Hearing When “ Factual Dispute ” Exists [pp. 197-198].)
Respondent relies heavily on the recent denial of certiorari by the United States Supreme Court in Williams v. Dunbar (377 F. 2d 505 [C. A. 9th Cir., April 26,1967], cert. den. 389, U. S. 866).
Williams had instituted a suit in the United States District Court for damages based on two sections of the Civil Rights Act (U. S. Code, tit. 42, §§ 1983,1985). He asserted jurisdiction in the District Court under title 28 of the United States Code (§ 1343, subds. [3], [4]) and invoked jurisdiction in the United *867 States Court of Appeals, 9th Circuit (under U. S. Code, tit. 28, §§ 1291,1915).
That the Circuit Court in Williams determined that a parolee denying either the fact of the violation or the legal sufficiency of the act alleged to he a violation of his parole is not entitled to a hearing before a Judge, with all the concomitants of a nonjury criminal trial, cannot be ignored.
The applicable statute under consideration in Williams (Penal Code of California, § 3056) reads as follows: “Prisoners on parole shall remain in the legal custody of the department and shall be subject at any time to be taken back within the enclosure of the prison.”
One need not speculate whether the peculiar language of this statute or the reasoning of the Circuit Court of Appeals or its conclusion (p. 506): “ The district court correctly held that the appellant’s claims for defamation, false imprisonment and fraud presented no federal question.” was the basis for denial of certiorari in the United States Supreme Court. It is difficult, however, for me to believe that the august body responsible for those monumental steps forward — (Powell v. Alabama, 287 U. S. 45; In Re Oliver, 333 U. S. 257; Gideon v. Wainright, 372 U. S. 335; In Re Gault, 387 U. S. 1; Mempa v. Rhay, 389 U. S. 128) —would have approved of the rigid and restrictive thinking in Williams.
In our own State, the “ battle lines ” for change recently have been drawn in two diametrically opposed Appellate Division decisions.
In People ex rel. Combs v. La Vallee (29 A D 2d 128) the Appellate Division for the Fourth Department held that the New York Constitution, at least, required the affording of counsel to one appearing before a “ parole court ” (see Correction Law, § 218, prior to recent amendment) after he had been declared a delinquent and in violation of parole.
A contrary decision was reached by the Appellate Division of the Third Department in its affirmance without opinion of Matter of Briguglio v. New York State Board of Parole (55 Misc 2d 584, affd. without opn. 30 A D 2d 639). In the former case, the court (p. 131) said, and I agree: “ When all the legal niceties are laid aside a proceeding to revoke parole involves the right of an individual to continue at liberty or to be imprisoned. It involves a deprivation of liberty just as much as did the original criminal action and, it is submitted, falls within the due process provision of section 6 of article I of our State Constitution.” In the latter case, the court, employing the all too familiar arguments, distinguished between probation and parole *868 and held, as so many past decisions here and abroad have held, that while the right to counsel and to advice on that right in situations involving probation is established, no such right is recognized where the situation involves revocation of parole.
It appears that of these two' decisions, so far, only one, Combs, has found its way to our Court of Appeals. Regrettably, the controversy still remains unresolved. Our Court of Appeals (22 N Y 2d 857, [July 1,1968]) unanimously dismissed the appeal ‘1 upon the ground that the order appealed from does not finally determine the proceeding within the meaning of the Constitution ’ ’.
The order of the Appellate Division, Fourth Department, reads as follows (29 A D 2d 132): “ Order unanimously reversed and order entered directing that if Board of Parole shall not within 30 days from the date of entry thereof hold a new hearing at which appellant shall have the right to be represented by counsel, then the writ shall be sustained and relator discharged from custody.”
The explanation for the dismissal of the appeal to our Court of Appeals is related perhaps to the fact that no stay of the Appellate Division’s order was ever applied for and also because the Board of Parole appears, wisely, to have held a new hearing under the guidelines established in that order. At least, so I am given to understand.
People v. Simons (22 N Y 2d 533 [July 2, 1968]) is another authority that cannot be ignored. The chief question posed by this appeal is whether under the particular circumstances of that case, the issuance of a parole warrant commenced a ‘1 judicial proceeding” thereby entitling the parole violator (the defendant Simons) to the presence of counsel during any interrogation by law enforcement officials. In this context, it was there decided that the warrant for violation of parole had been properly issued since it was not issued for the purpose of arresting the defendant on the underlying robbery charge and that, therefore, its issuance did not commence a judicial proceeding. Citing People v. Stanley (15 NY 2d 30, 33, 34) the opinion of Judge Scileppi went on to say that even if the court were to hold that a parole revocation proceeding is judicial in nature and, therefore, that the issuance of the parole warrant commenced a judicial proceeding, it would not avail defendant.
The precise question before me was not directly dealt with by our Court of Appeals in Simons either. But this is an interesting case, if for no other reason, because it adds ‘1 fuel to the fire ’ ’. Consider this language in the dissenting opinion of Chief Judge Fuld (22 N Y 2d 545): “lam inclined to the view that *869 a parolee is also entitled to be represented by counsel in a parole revocation proceeding which is truly independent of, and unrelated to, a criminal prosecution brought against the parolee. (Cf. Mempa v. Rhay, 389 U. S. 128.) That question, however, need not here be considered or passed upon.”
One thing is clear — whether the wording is examined as of the time Combs commenced his proceeding or as amended in the most recent legislative session (L. 1968, ch. 203, approved and eff. April 11, 1968) — section 218 of the New York Correction Law mandates a hearing for one charged with violation of parole.
It should not have required Powell to establish the obvious, which though said in the context of a criminal trial, is nevertheless appropriate in any situation where the liberty of an “ accused ” is at stake. “ The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law * * *. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.” (Powell v. Alabama, 287 U. 8. 45, 68-69, supra.)
I cannot resist the temptation to comment on the fact that the words “ parole court,” so conspicuous in the earlier version of section 218 (supra), have been studiously obliterated from the recently amended text of that statute — as if the sponsors of that amendment supposed that the right to be represented by counsel, or not to be, would depend on the use or the absence of the word ‘ ‘ court ’ ’. Finally, I find it increasingly difficult to understand how an enlightened jurisdiction as ours has proven to be, can afford to have on its statute books even one piece of legislation providing for a hearing and proscribing the right to an “ accused ” to be represented by counsel at such a hearing.
Judicial opinion has differed — with harsh comment on occasions— on the wisdom of the precipitous determination of the highest tribunal in' the land in changing the face of law enforcement procedures. But when it comes to the protection of the right of an “ accused ” to be heard and his concomitant right to be represented by counsel at all times and in all places, I doubt that reasonable men will not now agree that much of the current dialogue is long overdue and very welcome.
*870 Petitioner’s application is granted to the extent hereinafter set forth, and, it is
Ordered, Adjudged and Decreed that the New York State Board of Parole shall hold a new hearing within 30 days of service of a copy of this opinion-decision-judgment oh it by the Clerk of the court, on reasonable notice to petitioner of the accusations against him, of his right to examine the witnesses against him, of his right to be represented by counsel, and The Clerk is further directed to forward to petitioner a copy of this opinion-decision-judgment.