▪ In the Matter of Joseph Menechino, Respondent, v. Division of Parole, New York City, et al., Appellants.— Judgment, entered August 27, 1968, unanimously reversed and vacated, on the law, without costs and disburse-

ments, and application, designated as instituting a proceeding pursuant to CPLR article 78, dismissed, without costs or disbursements. The four months' Statute of Limitations (CPLR 217) applies to bar the proceeding as an article 78 proceeding to review and set aside the determination of the Board of Parole rendered in May, 1965, revoking the parole of the petitioner and directing that he be "held two years for reconsideration only". Furthermore, the proceeding was not brought in the county in which the petitioner was detained (see CPLR 7004 subd. [c]; 506 subd. [b]; *Matter of Hogan* v. *Culkin,* 18 N Y 2d 330) and, under the special circumstances here, the proceeding may not be considered as a habeas corpus proceeding for the purpose of evading the effect of the Statute of Limitations. Nevertheless, we considered the petitioner's application on its merits, and we conclude that he is validly held in custody subject to the control of the Board of Parole. The petitioner was convicted in a Court of General Sessions of murder in the second degree upon his plea of guilty and, on May 6, 1947, was sentenced to a term of 20 years to life.. He was paroled from Attica State Prison on August 14, 1963, but was declared delinquent on December 31, 1964 and apprehended on March 23, 1965 pursuant to a parole violation warrant. At the hearing held in May, 1965, by the Board of Parole, the petitioner admitted that he had violated his parole in that he had lied to the parole officer in telling the officer that he did not know certain persons having criminal records and in that he admitted on the hearing that he had consorted with such persons and that he had sent money to an inmate of a penal institution. In view of his admissions, which appear to have been voluntarily made, and his failure to request counsel or interpose any objections to the proceedings by the board, there is no merit to petitioner's contention that he should have been afforded representation by counsel in connection with the revocation of his parole. While on parole, the petitioner remained constructively in legal custody subject at all times to the control of the Board of Parole. "Clearly, whatever constitutional rights [he, as] a parolee may enforce, they are not equal to the rights enjoyed by one not under a similar disability" (*People* v. *Santos,* 31 A D 2d 508, 509). Consequently, this court is of the opinion that the petitioner possessed no general constitutional right to representation by counsel at the parole revocation hearing before the Board of Parole. (Cf. *Matter of Briguglio* v. *New York State Bd. of Parole,* 24 N Y 2d 21; *People ex rel. Combs* v. *La Vallee,* 29 A D 2d 128, app. dsmd. 22 N Y 2d 857.) Finally, it appears that, following the revocation of petitioner's parole and in March, 1967, he duly appeared before the Board of Parole for the purpose of considering his being released again on parole. Certainly, at that time, he was subject to the jurisdiction of the board (see *People* v. *Santos, supra*) and, in any event, he made no objection to the proceedings of the board. He was not entitled to counsel in these proceedings (see *Briguglio* v. *New York State Bd. of Parole, supra*) and, thereupon, the board denied his release on parole, directing that he be "held 18 months, reconsideration only." This subsequent determination on the basis of the parole release hearing has rendered moot this proceeding challenging the revocation of parole determined upon in May, 1965. (See *People ex rel. Mahon* v. *Warden,* 1 Misc 2d 267, 274, 275, affd. 2 A D 2d 876.) Concur — Stevens, P. J., Eager, McGivern, Nunez and McNally, JJ. [57 Misc 2d 865.]