■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGEL JUAN RODRIGUEZ, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica State Prison, Respondent.— Judgment unanimously affirmed. See Memorandum in *People ex rel. Harris* v. *Mancusi* (32 A D 2d 873) (decided concurrently herewith). (Appeal from judgment of Wyoming County Court, dismissing writ of habeas corpus.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES KARHAN, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica State Prison, Respondent. — Judgment unanimously affirmed. Memorandum: If appellant is entitled to relief, it is not by way of habeas corpus (cf. *People v. Montgomery*, 24 N Y 2d 130). (Appeal from judgment of Wyoming County Court, dismissing writ of habeas corpus.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT WILLARD, Appellant, v. DANIEL McMANN, as Warden of Auburn State Prison, Respondent. — Judgment unanimously affirmed. Memorandum: It is conceded that relator is presently released on parole, and therefore habeas corpus would not be the proper remedy. (Appeal from judgment of Cayuga County Court, dismissing writ of habeas corpus.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.

■ EILEEN FENNIE, Appellant, v. JAMES FENNIE, Respondent.— Orders unanimously reversed, without costs, and a new hearing granted in accordance with the following Memorandum: Petitioner's application should be remitted to Family Court for a new hearing at which proof may be adduced by competent evidence establishing the needs of the wife and children and the means of the husband including his income, expenses and new obligations consequent upon a subsequent remarriage. The probation report upon which the court at least in part based its decision was not received in evidence, could not be considered competent proof by the court, and is of course no part of the record on appeal. (See *Gutillo* v. *Gutillo*, 30 A D 2d 484, 486.) Any new determination made should state the essential facts upon which it is based in accordance with section 165 of the Family Court Act and CPLR 4213 (subd. [b]). (Appeal from Orders of Erie County Family Court, in action to enforce support order.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.

■ MARION G. POTTER et al., Respondents, v. FURNITURE MANUFACTURERS BUILDING, INC. et al., Appellants.— Judgment affirmed, with costs. All concur, except Goldman, P. J., who dissents and votes to reverse and grant a new trial as to both defendants in the following Memorandum: The verdict of the jury was against the weight of the credible evidence. (Appeal from judgment of Chautauqua Trial Term in negligence action.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.