THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE W. OCHS, Appellant, *v.* J. EDWIN LA VALLEE, as Warden of Clinton Prison, et al., Respondents.

Third Department, November 25, 1969.

*Joseph I. Stone* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Calvin M. Berger* and *Ruth Kessler Toch* of counsel), for respondents.

HERLIHY, P. J. The appellant's application for a writ of habeas corpus was denied without a hearing.

Appellant Ochs was convicted of larceny and rape and received concurrent indeterminate sentences of 5 to 10 years in State prison which he began serving on September 23, 1961. He was paroled in October, 1965 and remained at liberty until arrested on a Federal charge the following June. Pursuant to a parole detainer warrant, appellant was returned to prison in New York State upon the dismissal of the Federal charge by a District Court in October, 1966. Subsequently, the appellant appeared at a parole revocation hearing; demanded the assistance of retained counsel, but permission was denied; asserted that he had not violated parole, but was remanded to prison. Thereafter he petitioned for a writ of habeas corpus upon the ground that refusal to permit representation by retained counsel was a deprivation of his constitutional rights.

Special Term determined that he was entitled to counsel and granted the appellant's application to the extent of ordering a new hearing with such representation. A transcript of that hearing was made, but it is not part of the present record because the board refused to provide it. However, it is not disputed

that the appellant's counsel requested an opportunity to examine or cross-examine witnesses providing proof that the appellant had violated his parole; to call witnesses and make inquiry on appellant's behalf including, of course, inspection of any exhibits relied upon by the board; and that all of these requests were denied with the appellant again being remanded to prison.

Appellant again petitioned for habeas corpus relief alleging that the rehearing held by the board was inadequate to allow effective counsel and therefore failed to comply with the order directing such rehearing. Upon this petition, Special Term reconsidered its prior determination that appellant was entitled to be represented by counsel and upon concluding that the appellant was not entitled to such representation dismissed the petition and the present appeal ensued.

The procedure to be followed whenever there is a reasonable cause to believe that a prisoner has violated his parole is specified in section 218 of the Correction Law. Following the apprehension of an alleged parole violator, this statute provides in part as follows: "The board of parole shall, as soon as practicable, give such parole violator an opportunity to appear personally, *but not through counsel or others,* before three members of such board of parole and *explain* the charges made against him * * *. The board of parole shall within a reasonable time *act upon such charges,* and may, if it sees fit, require such prisoner to serve out in prison or such other institution the balance of the maximum term for which he was originally sentenced " (emphasis added).

The above-quoted statute denies representation to the appellant and limits his right on an appearance merely to an explanation, it appearing that the board need not present any evidence to the parolee as to the alleged violation of parole.

The issue upon this appeal must be whether or not the provisions of section 218 are constitutional since it appears that the board has acted in accordance with this statute. (Cf. *Matter of Hines* v. *State Board of Parole,* 293 N. Y. 254.)

In the case of *People ex rel. Combs* v. *La Vallee* (29 A D 2d 128, app. dsmd. 22 N Y 2d 857) the Fourth Department held that a parolee is entitled to representation by counsel upon revocation hearings. That case may not be directly in point since the statute at that time referred to such a hearing as being held before a " parole court." In the case of *Matter of Menechino* v. *Division of Parole, N. Y. C.* (32 A D 2d 761, 762) the First Department has determined that an alleged parole violator possesses " no general constitutional right to representation by counsel at the parole revocation hearing before the Board of

Parole." (Accord, *People ex rel. Smith* v. *Deegan*, 32 A D 2d 940. See, also, *People ex rel. Harris* v. *Mancusi*, 32 A D 2d 873, mot. for lv. to app. den. 25 N Y 2d 740, app. dsmd. 25 N Y 2d 647; *People ex rel. Rodriguez* v. *Mancusi*, 32 A D 2d 874, mot. for lv. to app. den. 25 N Y 2d 740, app. dsmd. 25 N Y 2d 647; *Johnson* v. *Stucker*, 203 Kan. 253, cert. den. 396 U. S. 904.)

In our opinion, the privilege of obtaining a parole or remaining free on parole is a matter completely within the discretion of the Parole Board and is in the nature of grace with the parolee or prisoner acquiring no rights in regard to parole except as granted by statute. The only right granted to the appellant (parolee) by section 218 of the Correction Law is to offer an explanation as to the charge that he has violated his parole. The statute does not specifically provide that an alleged parole violator is entitled to confront witnesses or to controvert evidence in the possession of the board. In view of the fact that a parolee is at all times subject to the judgment of conviction in his case, it does not appear either reasonable or necessary that he be accorded any right beyond the right to appear before the board and offer his explanation. (See *People ex rel. Brock* v. *La Vallee*, 33 A D 2d 722 [decided herewith].)

In a well-reasoned opinion, which fully explored the history of the Parole Board and its powers and duties, Special Term in the case of *People ex rel. Johnson* v. *Follette* (58 Misc 2d 474) concluded that parolees had no right to representation by counsel at revocation hearings. The rationale of that case supports the conclusion that parolees do not have any constitutional right insofar as the confrontation of witnesses or the production of proof is concerned at revocation hearings.

The appellant's argument as to a violation of " due process ", under the existing circumstances, is without merit.

The appellant has not raised any question as to whether or not there was a factual basis for the board's determination that he did violate the terms and conditions of his parole and, accordingly, we are not presently concerned with whether or not the determination of the board meets the standard of procedural due process. (See *People ex rel. Johnson* v. *Follette, supra,* at p. 477, and cases cited therein.) We would note, however, that a letter of January 7, 1969 from the Parole Board to the appellant's attorney set forth the violations charged.

The judgment appealed from should be affirmed, without costs.

REYNOLDS, STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Judgment affirmed, without costs.