■ In the Matter of DEBORAH GENIN, Respondent, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Social Services, dated January 6, 1977, which, after a statutory fair hearing, affirmed a determination of the local agency to, *inter alia,* discontinue petitioner's public assistance grant, the State commissioner appeals from stated portions of a judgment of the Supreme Court, Queens County, dated September 6, 1977, as corrected by an order of the same court, dated December 28, 1977, which, *inter alia,* annulled that portion of his determination which affirmed the discontinuance of petitioner's public assistance grant. Judgment, as corrected, reversed insofar as appealed from, on the law, without costs or disbursements, and proceeding dismissed on the merits. The prorating of the household expenses by the State commissioner between the petitioner and her child was not arbitrary and capricious. Thus, the conclusion that each had a surplus over his or her "pro rata share of the needs" was proper, and the reasoning of *Johnson v Harder* (383 F Supp 174, affd 512 F2d 1188, cert den 423 US 876) is inapplicable here. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.

■ In the Matter of ADELE HUDIS, Appellant, v DAVID HUDIS, Respondent.—In a proceeding pursuant to article 4 of the Family Court Act, petitioner appeals from an order of the Family Court, Nassau County, dated February 17, 1978, which, after a hearing, directed her to pay child support in the amount of $87.50 per week and denied her application for counsel fees. Order modified, on the facts, by reducing the child support award to $35 per week. As so modified, order affirmed, without costs or disbursements. The Family Court failed to set forth the essential facts upon which its order was based, as required by section 165 of the Family Court Act and by CPLR 4213 (see *Fennie v Fennie,* 32 AD2d 874). This court, however, has a sufficient record before it to make its own findings of fact. The evidence established that the respondent father, prior to receiving custody of his son, paid $87 per week to the petitioner mother for the child's support. His earnings approximate $41,000 per year and he has assets worth approximately $80,000. Petitioner earns approximately $28,000 per year and has assets worth approximately $20,000. Based on these figures, a $35 per week award of child support is more equitable than the amount awarded by the Family Court (see *Matter of Carter v Carter,* 58 AD2d 438). The Family Court did not abuse its discretion when it denied both parties' applications for counsel fees. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.