Irving Goldman, J.
A petition has been brought by the relator’s attorney Joseph I. Stone, Esq., on behalf of the relator George W. Ochs, requesting that this prisoner be released from Clinton Prison on the ground that the New York State Board of Parole failed to comply with an order of this court requiring the board to hold a new hearing on the revocation of the relator’s parole.
The petition recites that although the Board of Pardle did hold a new hearing, it refused to furnish the relator and his counsel with a transcript of the proceedings although the relator’s attorney offered to pay for the minutes; refused to permit the relator to produce witnesses in his behalf; and failed to produce witnesses to substantiate the alleged parole violations which led to the revocation of prisoner’s parole. The relator argues that such refusal and failures destroyed any semblance of the hearing being a “ judicial proceeding that the court’s order requiring a new hearing was, in effect, vitiated and nullified.
This court’s order following its decision of December 3, 1968, had indeed directed the Parole Board to conduct a new parole revocation hearing with the prisoner represented by counsel, within 60 days of the entry of the order or, failing this, the prisoner be released,
In holding that the parolee may be represented by counsel, this court followed People ex rel. Combs v. La Vallee (29 A D 2d 128) and Matter of Menechino v. Division of Parole (57 Misc 2d 865) as reflecting a trend indicated by Judge Fuld’s dissent in People v. Simons (22 N Y 2d 533, 545). However, it did not feel these decisions necessarily binding in this Department in view of Schwartzberg v. Oswald (8 A D 2d 570). Since its decision there has appeared in the Second Department People ex rel. Johnson v. Follette (58 Misc 2d 474) where, in an exhaustive opinion, Justice Hoyt reached a contrary result on this same issue. More recently, the Court of Appeals in Matter of Briguglio v. Board of Parole (24 N Y 2d 21) considered the entire parole process. In a footnote, the court noted that the matter before it involved a parole release hearing and indicated no view as to rights applicable at a parole revocation hearing. Nevertheless, the decision did cite a number of recent cases in the Federal courts distinguishing Mempa v. Rhay (389 U. S. 128) and *631 noted that these have held (pp. 25-26) “ that a revocation hearing is not a trial requiring an adversary proceeding with representation by counsel.” (Italics supplied.)
This court will heed the advice of the Court of Appeals as expressed in the concluding sentences of Briguglio (supra, p. 29) wherein they state:
“We will not overrule Hines and involve the courts of this State in superintending the parole system.
‘ ‘ In sum, we conclude that the parole release proceeding does not require an adversary hearing. The Federal courts have consistently held, and the Supreme Court has refused to rule otherwise, that parole hearings do not involve constitutional due process. No persuasive reason has been advanced for the courts of this State to hold otherwise.” (Italics supplied.)
The petition is dismissed.