399 F.2d 297
 Israel SCHAWARTZBERG, Appellant,
v.
UNITED STATES BOARD OF PAROLE and the Attorney General of
the United States, Appellees.
Israel SCHAWARTZBERG, Appellant,
v.
WARDEN OF U.S. PENITENTIARY, LEAVENWORTH, KANSAS, Appellee.
 Nos. 10029, 10030.
 United States Court of Appeals Tenth Circuit.
 Aug. 6, 1968.
 
 Thomas E. Joyce, Asst. U.S. Atty., for appellees.
 Israel Schawartzberg, pro se.
 Before LEWIS and HILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Schawartzberg was convicted on a federal charge and sentenced to two years imprisonment in 1966. The conviction was affirmed on appeal, sub nom., United States v. Kahn, 366 F.2d 259 (2nd Cir. 1966) cert. denied, 385 U.S. 948, 87 S.Ct. 324, 17 L.Ed.2d 226 (1966).
 
 
 2
 When Schawartzberg became eligible for parole consideration, he requested the presence of his retained attorney at the parole hearing. This request was denied by parole officials and Schawartzberg appeared alone. Parole was denied.
 
 
 3
 Two identical actions were then initiated. A declaratory judgment was sought in the District Court for the District of Columbia and a habeas corpus petition was filed in the District Court for the District of Kansas. The District of Columbia action was transferred to Kansas for convenience of the parties.
 
 
 4
 The first contention of Schawartzberg concerns the exclusion of his attorney at the parole hearing. Department regulations prohibit representation 'by counsel or by any other person' at a parole eligibility hearing. 28 C.F.R. 2.16. Appellant has cited no authority nor have we found any which causes us to seriously question the constitutionality of this regulation.
 
 
 5
 Appellant's other contention is that his constitutional rights were violated when he was accused and interrogated concerning other issues at the parole hearing. The inquiries made at a parole hearing are for the purpose of determining whether the prisoner and society would benefit from minimal physical custody and not to impose additional punishment for other offenses. Under such circumstances we cannot conclude that such questioning violated any constitutionally protected right. But cf. Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968).
 
 
 6
 Appellees' motions to affirm are granted and the judgments are affirmed.