Robert P. BURRUSS, Virginia R. Burruss, James C. Tennant, James L. Tennant, et al.

v.

Woodrow W. WILKERSON, State Board of Education, et al.

Civ. A. No. 68-C-13-H.

United States District Court, W. D. Virginia, Harrisonburg Division.

Argued April 25, 1969.

Decided May 23, 1969.

See also D.C., 301 F.Supp. 1237. Certiorari denied 90 S.Ct. 812.

---

Erwin S. Solomon, Commonwealth Atty., Bath County, Va., Hot Springs, Va., for plaintiffs.

Robert Y. Button, Atty. Gen. of Virginia, Richard N. Harris, Asst. Atty. Gen., John S. Davenport, III, and Henry Wickham, Richmond, Va., for defendants.

Before BRYAN, Circuit Judge, and DALTON and MacKENZIE, District Judges.

ALBERT V. BRYAN, Circuit Judge.

Constitutional invalidity is laid in this suit to Virginia's statute[1] establishing the scheme for distribution of the funds she provides for public education. Bath County suffers discrimination from the operation of this Act of the General Assembly, allege the plaintiffs as resident parents and school children, as well as property owners, there. Defendants are for the most part State officials whose functions and duties touch the disbursement of these moneys.

The grievance pressed and the remedy sought are typified by these paragraphs of the complaint:

"14. The Act, and particularly its formulae for the apportionment of State Funds among the several counties and cities of the State, creates and perpetuates substantial disparities in the educational opportunities available in the different counties and cities of the State, denies children attending public schools of the County, including Plaintiff Children, educational opportunities substantially equal to those enjoyed by children attending public schools in many other districts of the State, and is thereby repugnant to the equal protection clause of the Fourteenth Amendment to the Constitution of the United States of America, in the following respects:

"14.1. The Act, and particularly its formulae for the apportionment of State Funds, utterly fails in any manner or to any extent whatsoever either (i) to relate to any of the variety of educational needs of the several counties and cities of the State of Virginia —much less weigh the relative acuteness of these needs or provide any sort of balanced response to them, or (ii) to take into account any factors which would tend to equalize the educational opportunities made available in public schools in different parts of the State.

\*     \*     \*     \*     \*     \*

"14.3. The Act, and particularly its formulae for the apportionment of State Funds, fails to take into account in any manner whatsoever, or to compensate to any extent for, substantial differences in the levels of schools construction costs, salaries of teachers, administrators and other public schools employees and other expenses of public elementary and secondary education which prevail in different areas of the State of Virginia.

\*     \*     \*     \*     \*     \*

---

1. Appropriation Act of 1968–70, Acts of Assembly, 1968, chapter 806, item 564.

"A. That this Honorable Court enter its judgment declaring the Act, and particularly its formulae for the apportionment of monies appropriated from the School Fund among the several counties and cities of the Commonwealth of Virginia, void and without force or effect as repugnant to the fundamental law of the United States as set forth in the equal protection clause of the Fourteenth Amendment to the Constitution."

Reliance is put first on section 129 of the Constitution of Virginia: "The General Assembly shall establish and maintain an efficient system of public free schools throughout the State". Plaintiffs' contention is that the Act in suit fails to meet this obligation. This, they say, is primarily demonstrated by the marked deficiencies of the Bath County School physical and instructional facilities, when compared with those of the other political subdivisions in Virginia. These differences, it is urged, evidence an inequality of treatment—want of equal protection of the laws—of Bath County.

The existence of such deficiencies and differences is forcefully put by plaintiffs' counsel. They are not and cannot be gainsaid. But we do not believe they are creatures of discrimination by the State. Our reexamination of the Act confirms that the cities and counties receive State funds under a uniform and consistent plan. With this conclusion we resolve the chief issue of the case, and exposition of the method of computation is not necessary. For the particulars of the calculation, we rely upon the explanation contained in the opinion of the court in Shepheard v. Godwin, 280 F.Supp. 869, 872 (E.D.Va.1968), with the qualification that no longer are Federal impact funds; there mentioned, considered in the apportionments.

Truth is, the inequalities suffered by the school children of Bath are due to the inability of the county to obtain, locally, the moneys needed to be added to the State contribution to raise the educational provision to the level of that of some of the other counties or cities. The blame cannot be placed on the people or the officials of the county. Rather it is ascribable solely to the absence of taxable values sufficient to produce the required moneys. The tax rate and the appropriations have been strained to afford the children better schools.

Actually, the plaintiffs seek to obtain allocations of State funds among the cities and counties so that the pupils in each of them will enjoy the same educational opportunities. This is certainly a worthy aim, commendable beyond measure. However, the courts have neither the knowledge, nor the means, nor the power to tailor the public moneys to fit the varying needs of these students throughout the State. We can only see to it that the outlays on one group are not invidiously greater or less than that of another. No such arbitrariness is manifest here.

Our conclusions here are supported by the decision of the 3-judge Federal District Court in McInnis v. Shapiro, 293 F.Supp. 327 (N.D.Ill.1968), aff'd sub nom. McInnis v. Ogilvie, 394 U.S. 322, 89 S.Ct. 1197, 22 L.Ed.2d 308 (March 25, 1969). The circumstances of that case are scarcely distinguishable from the facts here, Virginia's division of school funds closely paralleling Illinois'.

While we must and do deny the plaintiffs' suit, we must notice their beseeming, earnest and justified appeal for help. Virginia, we are told, is studying the school conditions in Bath and other counties confronted with similar inequalities. The General Assembly undoubtedly will come to their relief.

An order will be entered dismissing this action.