Michael E. **LEWIS,** individually and on behalf of all other persons similarly situated, Plaintiff,

v.

Nelson A. **ROCKEFELLER,** individually and in his capacity as Governor of New York and the New York State Board of Parole, Defendants.

No. 69 Civ. 2871.

United States District Court
S. D. New York.

Oct. 10, 1969.

Morrisania Legal Services, Robert P. Mason, Bronx, N. Y., for plaintiff, Robert Asher, Bronx, N. Y., of counsel; and Kenneth David Burrows, Bronx, N. Y., on the brief).

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendants; Samuel A. Hirshowitz, First Asst. Atty. Gen., and Maria L. Marcus, Asst. Atty. Gen., of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiff, Michael E. Lewis, moves for an order convening a statutory three-

judge court, permitting him to maintain this action as a class action and granting an injunction *pendente lite.*

This is an action under the Civil Rights Act, 42 U.S.C. § 1983, seeking a declaratory judgment and permanent injunction declaring unconstitutional and restraining enforcement of certain provisions of the *Rules of the New York State Board of Parole Relating to Supervision and Release of Inmates from Correctional Institutions,* 9 New York Code, Rules & Regulations §§ 155.0, 155.5, 155.9 and 155.10. Plaintiff claims that these provisions violate his rights and those of similarly situated inmates to due process at parole hearings by denying counsel, by failing to notify prospective parolees of unfavorable evidence that will be presented and by failing to support final decisions with specific findings of fact.

■ A statutory three-judge court must hear and determine any action seeking an injunction "restraining the enforcement, operation or execution of any State statute * * * upon the ground of the unconstitutionality of such statute * * *." [1] Plaintiff must, however, state a substantial claim of deprivation of constitutional rights [2] for this court to convene a statutory three-judge court. Plaintiff fails to state such a claim.

■ Due process does not require that candidates for parole be represented by counsel at parole hearings.[3] Plaintiff's reliance on Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), is misplaced. That case holds that a probationer has a right to counsel at a hearing on revocation of probation when the imposition of sentence has been suspended subject to probation. In essence, the case teaches that the right to counsel in a criminal prosecution for a felony applies at sentencing.[4] The parole process is not an adversary system.[5] The Legislature did not intend parole to be "a reward for good conduct or efficient performance of duties assigned in prison" but rather an early release from prison based on the parole board's determination that a certain inmate can live in society without violating the law.[6]

■ We cannot conclude that a parole board's failure to notify prospective parolees of facts militating against parole, denial of counsel and failure to make specific findings are so lacking in rational justification as to constitute a denial of due process.[7] Plaintiff has no right to the adversary and evidentiary hearing which his demands would require.[8]

■ Plaintiff fails to allege a substantial claim of deprivation of constitutional rights and is, thus, not entitled to a three-judge court. Moreover, there is no substantial federal question to be resolved, and this court, therefore,

---

1. 28 U.S.C. § 2281.

2. Swift & Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).

3. Schwartzberg v. United States Bd. of Parole, 399 F.2d 297, 298 (10th Cir. 1968).

4. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). See Briguglio v. New York State Bd. of Parole, 24 N.Y.2d 21, 298 N.Y.S.2d 704, 246 N.E. 2d 512 (1969).

5. Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 237 (1963), cert. denied sub nom. Thompson v. United States Bd. of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963); Briguglio v. New York State Bd. of Parole, *supra.*

6. Briguglio v. New York State Bd. of Parole, *supra,* 24 N.Y.2d, at 28, 298 N.Y.S. 2d, at 709, at 246 N.E.2d at 516.

7. Flemming v. Nestor, 363 U.S. 603, 611, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960).

8. Hyser v. Reed, *supra;* Briguglio v. New York State Bd. of Parole, *supra.*

lacks jurisdiction to proceed any further.[9]

In view of our conclusion, we need not consider plaintiff's request for permission to maintain this action as a class action and for an injunction *pendente lite*.

Accordingly, plaintiff's motion is denied, and, there being no just reason for delay, the Clerk of the court is directed to enter judgment dismissing this action for want of jurisdiction.

So ordered.

---

9. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933).  See Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962);  Wright, Federal Practice § 50, pp. 165–166 (1963).