Joseph MENECHINO, Plaintiff,

v.

Russell G. OSWALD, as Chairman of the New York State Board of Parole, New York State Board of Parole, Defendants.

No. 69–Civ. 3619.

United States District Court, S. D. New York.

Feb. 6, 1970.

---

Rabinowitz, Boudin & Standard, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendants.

## MEMORANDUM

CROAKE, District Judge.

For the purpose of the instant motion, we accept the following facts as true.

Plaintiff is imprisoned at Green Haven Prison in Stormville, New York, under a sentence of from 20 years to life imposed on May 6, 1947, upon his plea of guilty to a charge of murder in the second degree. He was paroled from Attica Prison on August 14, 1963. On December 31, 1964, he was declared delinquent by the Board of Parole and charged with violating the conditions of his release in the following manner:

(1) On December 31, 1964 and prior thereto, plaintiff associated with individuals having a criminal record.

(2) Plaintiff provided his parole officer with false and misleading information.

(3) Plaintiff had lapsed or was about to lapse into criminal behavior.

Plaintiff was apprehended on March 23, 1965, pursuant to a parole violation warrant, and was returned to prison on April 19, 1965. In May 1965 plaintiff appeared before the Board of Parole and admitted that he had consorted with individuals having a criminal record and that he had given misleading information to his parole officer. He was denied parole and held two years "reconsideration only." Subsequently, plaintiff met the Board in March 1967 and September 1968 at parole release hearings. Each time parole was denied and plaintiff was held eighteen months "reconsideration only." His next scheduled meeting with the Board is in March 1970.

In July 1968 plaintiff commenced an Article 78 proceeding in the Supreme Court, New York County, wherein he sought review of determinations made by the Board of Parole at the above-mentioned hearings held in 1965 and 1967 wherein he was successively remanded to prison as a parole violator and denied parole. On August 27, 1968, the Court granted plaintiff's application to the extent that the Board of Parole was ordered to hold a new hearing for petitioner on reasonable notice to him of the accusations against him, of his right to examine the witnesses against him, of

his right to testify on his own behalf and of his right to be represented by counsel. Menechino v. Division of Parole, New York City, 57 Misc.2d 865, 293 N.Y.S.2d 741 (Sup.Ct. 1968). However, this decision was unanimously reversed by the Appellate Division, First Department, on June 17, 1969. Menechino v. Division of Parole, New York City, 32 A.D.2d 761, 301 N.Y.S.2d 350 (1969). Petitioner has appealed as of right to the New York Court of Appeals, but apparently has not prosecuted the appeal. The within action was commenced, even though no disposition has been made.

Plaintiff brings the instant action for relief in the nature of a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to the effect that he has a constitutionally protected right to procedural due process at a parole release hearing. Plaintiff argues that this action arises under the Constitution of the United States, in particular the fifth, sixth, eighth and fourteenth amendments thereto and under 42 U.S.C. § 1983. Specifically, plaintiff contends that he has a right to (i) notice of charges; (ii) a fair hearing, with the right of counsel, to cross-examination and to present favorable evidence and compel the attendance of favorable witnesses; and (iii) specification of the grounds and underlying facts upon which the determination was based.

Presented to the undersigned at this point is defendants' motion for summary judgment. We have examined the papers submitted by the parties. We have received no 9(g) statement from plaintiff specifying the purported questions of fact presented by this case. See Rule 9(g) of the General Rules of the United States District Courts for the Southern and Eastern Districts of New York. Nonetheless, we have considered the merits of the motion from the papers that have been submitted by the parties.

After extensive deliberation and exhaustive research we have concluded that there are no material questions of fact presented and that defendants are entitled to summary judgment as a matter

of law. See, e. g., Rex Applegate v. Top Associates, Inc., 425 F.2d 92 (2d Cir. Jan. 30, 1970). Without indicating what we would be disposed to do if we were writing on a *tabula rasa* or if our institutions were more perfect, we base our granting of summary judgment to defendants herein on the fact that the case law at its present state of development is established and clear on the specific question presented. The prospective parolee is not guaranteed procedural due process in his parole release hearing.* Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1934); Perez v. California, cert. denied, 396 U.S. 1001, 90 S.Ct. 546, 24 L.Ed.2d 493 (1970); Johnson v. Stucker, 203 Kan. 253, 453 P.2d 35 (1969), cert. denied, 396 U.S. 904, 90 S.Ct. 218, 24 L.Ed.2d 180 (1969); Eckerstrom v. Field, cert. denied, 396 U.S. 930, 90 S.Ct. 259, 24 L.Ed.2d 228 (1969); Schawartzberg v. United States Board of Parole, 399 F.2d 297 (10th Cir. 1968); Lewis v. Rockefeller, 305 F.Supp. 258 (S.D.N.Y.1969); Briguglio v. New York State Board of Parole, *supra.* *But see* Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); In re Gault, 387 U.S. 1 (1966), 87 S.Ct. 1428, 18 L.Ed.2d 527; United States ex rel. Schuster v. Herold, 410 F.2d 1071 (2d Cir. 1969), cert. denied, 396 U.S. 847, 90 S.Ct. 81, 24 L.Ed.2d 96 (1969); People ex rel. Combs v. La Vallee, 29 A.D.2d 128, 286 N.Y.S.2d 600, appeal dismissed, 22 N.Y.2d 857, 293 N.Y.S.2d 117, 239 N.E.2d 743 (1968); *see also,* Cohen, Sentencing Probation and the Rehabilitative Ideal: The View from Mempa v. Rhay, 47 Tex.L.Rev. 1, 42–46 (1968); Tappen, The Role of Counsel in Parole Matters, 3 Practical Lawyer 21 (1957).

Accordingly, defendant is granted summary judgment.

So ordered.

---

* Note that we are only called upon to address ourselves to the question of the applicable procedural due process rights in parole release hearings and not in parole revocation hearings and intimate no judgment on the latter question. The Court

in Briguglio v. New York State Board of Parole, 24 N.Y.2d 21, 298 N.Y.S.2d 704, 246 N.E.2d 512 (1969), was also only faced with the former question. *Op. Cit.* 298 N.Y.S.2d at 707.