431 F.2d 368
 Michael E. LEWIS, individually and on behalf of all other
persons similarly situated, Plaintiff-Appellant,
v.
Nelson A. ROCKEFELLER, individually and in his capacity as
Governor of New York, and the New York State Board
of Parole, Defendants-Appellees.
 No. 664, Docket 34300.
 United States Court of Appeals, Second Circuit.
 Argued April 1, 1970.
Decided Sept. 1, 1970.
 
 Robert S. Asher, New York City (Morrisania Legal Services, Robert P. Mason, Kenneth David Burrows, New York City, on the brief), for plaintiff-appellant.
 Maria L. Marcus, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., for the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for defendants-appellees.
 Before KAUFMAN and FEINBERG, Circuit Judges, and TIMBERS, District judge.*
 FEINBERG, Circuit Judge:
 
 
 1
 Michael E. Lewis, an inmate at Clinton State Prison, Dannemora, New York, appeals from an order of the United States District Court for the Southern District of New York, Lloyd F. MacMahon, J., dismissing his complaint, which sought the convening of a three-judge court and injunctive and declaratory relief. The basis of the action is that denial of counsel and improper procedures at New York State parole release hearings deny prisoners due process of law. For reasons indicated below, we affirm.
 
 
 2
 Appellant pleaded guilty in June 1967 to attempted robbery in the third degree and was sentenced to an indeterminate term of up to five years. According to the allegations of the complaint: Appellant became eligible for parole in the spring of 1968 and was given a hearing which lasted about ten minutes. Appellant was asked why he had committed the crime, whether his alleged accomplice was present at the crime, whether he felt himself 'ready for the streets' and what he would do if he were released. Appellant was not represented by counsel at the hearing nor could he have been because the applicable regulations forbade such representation. He was not advised of or given an opportunity to rebut any derogatory information in the possession of the Parole Board. Apparently, the next day appellant was informed that his application was denied on the ground that he was not rehabilitated, but he was not told the specific basis for the Board's finding. According to appellant, these procedures denied him his constitutional rights to counsel and procedural due process.
 
 
 3
 We have described the case in appellant's terms not to indicate agreement with his statement of the facts or of the law, but because his complaint was dismissed by a single district judge for lack of a substantial federal question. 305 F.Supp. 258. Since appellant sought to enjoin the 'enforcement, operation or execution,' 28 U.S.C. 2281, of various New York State statutes and regulations governing Parole Board hearings, he asked for the convening of a three-judge court in the district court.[1] The questions before us are the narrow ones whether that procedural step should have been taken and, if so, whether reversal is required.
 
 
 4
 The only argument that the State makes to us is that the insubstantiality of the federal question justified the district judge's refusal to convene a three-judge court. That it is necessary for us to resolve this preliminary issue of substantiality in this context is unfortunate; the rule that the requirement for three judges is jurisdictional has been called 'the most obnoxious feature of the entire three-judge scheme.' Currie, The Three-Judge District Court in Constitutional Litigation, 32 U.Chi.L.Rev. 1, 77 (1964). Scholarly recommendations to change it, at least in a case like this, are now under consideration. See generally American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts 282-335 (1969). And we have attempted to limit the confusion which flows from the present rules, id. at 332-333, by not being too finicky about whether the lack of merit in plaintiff's case was sufficiently obvious to justify dismissal by a single judge. See, e.g., Heaney v. Allen, 425 F.2d 869, 871-872 (2d Cir. 1970); Green v. Board of Elections of City of New York, 380 F.2d 445, 448-449 (2d Cir. 1967), cert. denied, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968).
 
 
 5
 In Ex Parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933), the Supreme Court said that a constitutional issue may be 'plainly insubstantial' either because it has been foreclosed by earlier Court decisions or because it is 'obviously without merit.' In justifying dismissal of the complaint, the State did not rely on the former rationale; nor did the district judge. The real question then was whether the latter applied. Plaintiff relied on the implications of a number of very recent decisions, e.g., Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); United States ex rel. Schuster v. Herold, 410 F.2d 1071 (2d Cir.), cert. denied, 396 U.S. 847, 90 S.Ct. 81, 24 L.Ed.2d 96 (1969). In the first two cases, the Supreme Court extended the reach of constitutional rights in diverse situations. Mempa v. Rhay, supra, granted the right to counsel at a combined probation revocation and deferred sentencing hearing. In re Gault, supra, accorded to a juvenile at a delinquency hearing various rights, including the right to counsel, not hitherto thought constitutionally required. In Schuster, supra, this court focused on the practices utilized in transferring state prisoners to a state institution for the mentally ill and found them constitutionally deficient.
 
 
 6
 In none of these decisions were the precise questions raised here decided; they are therefore all distinguishable on their facts. But appellant relied on the emanations radiating therefrom. The State countered that appellant could cite no decision squarely supporting his position, while it offered two: Schawartzberg v. United States Board of Parole, 399 F.2d 297 (10th Cir. 1968), and Matter of Briguglio v. New York State Board of Parole, 24 N.Y.2d 21, 298 N.Y.S.2d 704, 246 N.E.2d 512 (1969). Obviously, the parties differed over whether analogy was proper to other processes of the law, e.g., sentencing, probation revocation proceedings, juvenile delinquency hearings, and over whether a parole release proceeding should be reviewed as an adversary hearing. Cf. Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 237 (en banc), cert. denied, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963).
 
 
 7
 Relying just on the reported decisions as they were at the time of the oral argument in this court, and after reviewing the cases pressed upon us by analogy and some of the legal literature,[2] Judge Kaufman and I would not have characterized appellant's case as 'plainly insubstantial,' although Judge Timbers would have disagreed. However, since the time when this case was argued, the situation has changed. In Menechino v. Oswald, 430 F.2d 403 (2d Cir. Aug. 5, 1970), this court in a 2-1 decision held that a prisoner is not entitled to counsel at a parole release hearing or to various other procedural protections. Accordingly, even if a three-judge court were to be convened here, it would sit as a district court and be bound by the decision of this court in menechino. Under those circumstances, we all agree that there is no sense in remanding for the convening of a three-judge court to go through the ritual of relying on Menechino. See Astro Cinema Corp. v. Mackell, 422 F.2d 293, 298 (2d Cir. 1970); Heaney, supra; Green, supra.
 
 
 8
 Judgment affirmed.
 
 
 
 *
 Chief Judge of the District of Connecticut, sitting by designation
 
 
 [1]
 There is no doubt that at least part of the relief sought would require an injunction against the enforcement of a state-wide regulation, issued pursuant to New York Executive Law, McKinney's Consol.Laws, c. 18, 241, which provides that:
 Neither the inmate's attorney nor any other party will be permitted to attend or speak in person in the inmate's behalf or against him at any meeting of the Board of Parole at which the inmate's release on parole is being considered. The board shall have complete discretion with respect to the presence of any other persons at such hearings.
 
 
 [9]
 New York Codes, Rules, and Regulations 155.9. Plaintiffs also attack other portions of the Rules and Regulations and New York Executive Law 240 and 242; cf. New York Correction Law, McKinney's Consol.Laws, c. 43, 210-14
 
 
 [2]
 See, e.g., Cohen, Sentencing, Probation, and the Rehabilitative Ideal: The View from Mempa v. Rhay, 47 Tex.L.Rev. 1, 44-45 (1968); Kadish, The Advocate and the Expert-- Counsel in the Peno-Correctional Process, 45 Minn.L.Rev. 803 (1961); Comment, Due Process: The Right to Counsel in Parole Release Hearings, 54 Iowa L.Rev. 497 (1968)