446 F.2d 1379
 Ernie Lee BUCHANAN, Petitioner-Appellant,
v.
J. J. CLARK, Warden, Respondent-Appellee.
No. 71-2187 Summary Calendar.*
*(1) Rule 18. 5th Cir.: see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Aug. 18, 1971.
 
 Ernie Lee Buchanan, pro se.
 John W. Stokes, Jr., U.S. Atty., Anthony M. Arnold, Asst. U.S. Atty., Atlanta, Ga., for respondent-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal from the district court's denial of the petition for habeas corpus filed by the appellant, a federal prisoner, is affirmed for the reasons expressed by District Judge Charles A. Moye, Jr. in his unpublished memorandum order denying relief, which is appended hereto.
 
 
 2
 Affirmed.
 
 APPENDIX
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION
 
 
 4
 ERNIE LEE BUCHANAN, Petitioner, versus J. J. CLARK, Warden, Respondent.
 
 ORDER
 
 5
 Petitioner has filed a habeas corpus petition in this Court in which he challenges the Parole Board's denial of parole. The petition is ordered filed in forma pauperis.
 
 
 6
 As grounds for relief, petitioner alleges that (1) he has served one-third of his three-year sentence, (2) he has obeyed the rules of the prison, and (3) there is a reasonable probability that he would not violate parole and would not be a detriment to society. Upon these facts, petitioner argues that the Parole Board was compelled to grant parole and its failure to do so constitutes a violation of his rights to due process of law.
 
 
 7
 Petitioner's claim is clearly without merit. 18 U.S.C. 4202 provides: 'A Federal prisoner * * * whose record shows that he has observed the rules of the institution in which he is confined, may be released on parole after serving one-third of such term or terms. * * *' (Also see 18 U.S.C. 4203.) The terms of the statute are clearly discretionary, and petitioner's argument that the statute should be construed in mandatory terms is contrary to controlling case law. For example, in Tarlton v. Clark, 441 F.2d 384 (5th Cir. 1971), the Court adopted the opinion of the lower court which stated: 'By the language of Title 18 U.S.C.A. 4203, the Board of Parole is given absolute discretion in matters of parole. The courts are without power to grant a parole or to determine judicially eligibility for parole. Furthermore, it is not the function of the courts to review the discretion of the Board in the denial of application for parole or to review the credibility of reports and information received by the Board in making its determination.' In light of the foregoing, it is clear that petitioner's contentions in this regard are without merit.
 
 
 8
 As a second ground for relief, petitioner contends that assistance of counsel is required at a parole application hearing as a measure of due process of law. The facts alleged in the petition are not clear as to whether petitioner attempted to retain counsel or to have counsel appointed for him. In either event, petitioner's contentions in this regard are without merit. Department of Justice Regulations provide that 'No prisoner * * * appearing at any hearing, other than a revocation hearing, shall be represented by counsel or by any other person.' 28 C.F.R. 2.16. This regulation has survived constitutional attack, Schawartzberg v. United States Board of Parole, 399 F.2d 297 (10th Cir. 1968), and petitioner's contentions concerning right to counsel at parole eligibility hearings have heretofore been adequately analyzed. (See Menechino v. Oswald, 430 F.2d 403 (2d Cir. 1970).) The Court is not persuaded by petitioner's reliance on Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), which held that a defendant was entitled to representation by counsel at a deferred sentencing hearing held after revocation of probation. Although counsel may be required at sentencing (see Martin v. United States, 182 F.2d 225 (5th Cir. 1950)), the Court does not consider a parole eligibility hearing a continuation of sentencing, a deferment of sentencing or otherwise so inextricably related to sentencing as to require the same procedures. (See Menechino v. Oswald, supra.)
 
 
 9
 It is clear that both petitioner's grounds for relief are without merit. The petition is accordingly dismissed.
 
 
 10
 SO ORDERED, this 12 day of April, 1971.
 
 
 11
 (s) CHARLES A. MOYE, JR. UNITED STATES DISTRICT JUDGE