■ JEANNE FRANK, Respondent-Appellant, v HENRY FRANK, Appellant-Respondent.—In an action for divorce, the parties cross-appeal from a judgment of the Supreme Court, Nassau County, entered July 15, 1977, which, inter alia, granted the wife a divorce on the ground of cruel and inhuman treatment, awarded her alimony and child support and granted her custody of the children. Judgment modified, on the law and the facts, by (1) adding thereto provisions directing that the defendant indorse two checks made out jointly to the parties from the Royal Globe Insurance Co. and that the proceeds thereof be divided equally between the parties; (2) deleting from the tenth decretal paragraph thereof the award of a maximum of $300 per year for maid services and substituting therefor a provision awarding plaintiff a maximum of $600 per year for maid services; (3) deleting so much of the eleventh decretal paragraph thereof as provides

that the award of alimony and child support be retroactive to January 4, 1977; (4) deleting from the eleventh decretal paragraph thereof the words "provided that in the event that any child spends a full week or more with the defendant, then child support for said full week or full weeks shall be suspended"; (5) increasing the counsel fee awarded in the thirteenth decretal paragraph thereof to $5,000; and (6) adding thereto a provision that defendant shall pay plaintiff directly the sum of $7,500 as reimbursement for counsel fees expended by her. As so modified, judgment affirmed, without costs or disbursements. Although the trial court stated during the trial that it was going to make a direction concerning the proceeds of two insurance company checks which were made payable to both parties for smoke and water damage to their Manhasset residence, the court neglected to do so and we have made such a direction. Also, we feel that the limitation of $300 per year for maid services is inadequate. In addition, we see no warrant for suspending child support payments to the wife for any full week or more that a child spends with the husband. The wife's expenditures for each child are unevenly spread throughout the year and the suspension of support for any period would be unfair to her. Concerning the provision which made the alimony and child support awards retroactive to January 4, 1977, we note that the trial court, in its decision, made no such provision. We see no basis in the record for such an award because at all times prior to the entry of judgment, the defendant was faithful in his obligation to support his wife and children. Given the facts and circumstances of this case, we feel that the trial court should not have made a directive in the final judgment which was not supported by either its decision or the record (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 4213.09). Finally, concerning counsel fees, the judgment failed to provide for reimbursement to the wife for the $2,500 which she paid to her prior counsel, and for the $5,000 payment which she made to her present attorney. In addition, considering the experience, background and skill of plaintiff's attorney, as well as the complexity of the issues and the time actually spent on the trial (one week), we feel that the award as increased is reasonable (see *Silver v Silver,* 63 AD2d 1017). Moreover, in view of the husband's salary of $50,000 per year, along with his substantial stock holdings and savings, he is well able to afford it. We have considered the other points raised by the parties and have found them to be without merit. Martuscello, J. P., Titone, Rabin and Hawkins, JJ., concur.