■ In the Matter of JUANITA CHAUVIN, Appellant, v EDWARD CHAUVIN, Respondent.—In a support proceeding pursuant to article 4 of the Family Court Act, petitioner appeals, on the ground of inadequacy, from (1) an order of the Family Court, Dutchess County, dated February 13, 1979,

which, after a hearing, directed respondent to pay petitioner $30 weekly for her maintenance and $40 weekly (to be increased to $45 beginning Aug. 5, 1980) for child support, and (2) a further order of the same court, dated February 21, 1979, which directed respondent to pay petitioner's counsel $400 as a counsel fee. Order dated February 13, 1979 modified, on the facts, by increasing the amount of petitioner's maintenance to $45 weekly and that of the child to $55. As so modified, order affirmed, without costs or disbursements, and matter remitted to the Family Court, Dutchess County, for entry of an appropriate amended order of support. Order dated February 21, 1979 modified, on the law and the facts by adding thereto a provision that the amount awarded as a counsel fee shall be paid directly to petitioner as reimbursement for the amount she has paid counsel. As so modified, order affirmed, without costs or disbursements. In the event the amount has been turned over to counsel, counsel shall pay the sum to petitioner. Although the trial court did not support its decisions with statements of the essential facts (see CPLR 4213, subd [b]), the record is sufficient for this court to make its own findings of fact (see *Matter of Hudis v Hudis,* 64 AD2d 653). The evidence at the hearing established that the parties were married in August, 1976 (a second marriage for both); that a child was subsequently born to them, and that the parties separated by July, 1978. At that time, respondent refused to support petitioner or the child and she received assistance from the Department of Social Services in the sum of $317 monthly. A temporary order of support was issued in September, 1978. Petitioner itemized the needs and expenses of herself and the child to total approximately $174 weekly. She is not employed at the present time and, although she anticipates that the child will attend nursery school when he reaches the age of three, she will still not be free enough to return to work outside the home. Her assets consist of an automobile valued at $600 and household furnishings worth $300. Respondent earns $22,165 as a vocational teacher and is obligated to pay $35 weekly in child support to his first wife. That salary, less taxes, divided by 52 weeks, provides respondent with approximately $340 per week, to which must be added $45 weekly that he receives as a disability payment. Correcting his written statement of expenses to correspond with his testimony by subtracting $30 weekly (for utilities and heating), respondent's expenses total $292 weekly. This includes an automobile payment of $45 weekly, which should soon be concluded, but does not include anything for petitioner and the child. Upon this record, a fair and reasonable sum for the support of petitioner and child based on their needs and respondent's means is $100 weekly: $45 for petitioner and $55 for the child (see Family Ct Act, §§ 412, 413, as amd by L 1980, ch 281, §§ 27, 28). The trial court failed to consider that, according to petitioner's counsel's affidavit, counsel had received $925 from petitioner for a counsel fee. At trial she testified that she had borrowed $700 to help pay the counsel fee. The award of $400, if paid to counsel, will exceed the sum for which he applied. In the circumstances, the sum of $925 petitioner's counsel was paid by her is entirely adequate. Moreover, in recognition of the relative financial positions of the parties, petitioner should be reimbursed in the sum of $400, the amount awarded by the court as a counsel fee (cf. *Simon v Simon,* 65 AD2d 620; *Frank v Frank,* 65 AD2d 599). Hopkins, J. P., Rabin, Margett and O'Connor, JJ., concur.