■ ANN G. CHAIMOWITZ, Appellant, v GERSON GOLDSCHMIDT, Respondent. — In a matrimonial action, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Slifkin, J.), entered September 2, 1981, as directed that a hearing be held on the issues raised by her cross motion for a money judgment. Appeal dismissed, *sua sponte,* without costs. or disbursements. That portion of the order from which an appeal is sought is merely a ruling that the issue of whether to grant the plaintiff's cross motion for a money judgment could not be determined on the papers submitted for Special Term's consideration and that a full hearing is required. In *Sklarin v Sklarin* (86 AD2d 606), we held that an order directing a judicial hearing to aid in the disposition of a motion does not affect a substantial right (see CPLR 5701, subd [a], par 2, cl [v]), and is therefore not appealable as of right. In accordance therewith, the instant appeal is dismissed. An appeal will lie from the order entered subsequent to the hearing. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.

■ MARY A. CHARNEY, Respondent, v BARRY CHARNEY, Appellant. — In a matrimonial action, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated July 2, 1981, as awarded custody of the infant issue of the marriage to plaintiff and directed that he pay plaintiff's attorney "the sum of $8000.00 representing counsel fees on behalf of the plaintiff together with the sum of $1000.00 as reimbursement to plaintiff for disbursements incurred." Order modified, on the law, by deleting the final decretal paragraph and substituting therefor a provision awarding plaintiff a counsel fee of $4,000, and directing payment thereof by defendant to plaintiff as partial reimbursement for counsel fees already advanced, and further directing that defendant pay plaintiff's attorney $1,251 for disbursements incurred on her behalf. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. The aforesaid sums, or any part thereof not already paid by defendant, shall be paid by him within 90 days after service upon him of a copy of the order to be made hereon, with notice of entry. In the event defendant has paid the $4,000 to plaintiff's attorney pursuant to this court's order dated October 6, 1981, then said attorney shall forward same to plaintiff. In the circumstances of this case, where the judgment of divorce was granted without a trial and the issues of child support and alimony were settled by stipulation, and where there was only a two-day hearing on the issues of custody and visitation, the award of counsel fees payable by defendant to plaintiff in excess of $4,000 was improper in light of the financial situation of each party. Plaintiff should receive the $4,000 as partial reimbursement for the amount ($5,000) advanced by her in counsel fees. (See *Frank v Frank,* 65 AD2d 599; *Simon v Simon,* 65 AD2d 620.) Moreover, defendant should pay for the full amount of plaintiff's disbursement, which the record shows to be $1,251. Lazer, J. P., Mangano, Brown and Niehoff, JJ., concur.