■ In the Matter of SUSAN S. NEEDLES, Respondent-Appellant, v CARL F. NEEDLES, Appellant-Respondent. — In a proceeding pursuant to article 4 of the Family Court Act, the parties cross-appeal from an order of the Family Court, Nassau County (Diamond, J.), entered November 17, 1983, which, *inter alia,* directed the father to increase child support payments for his daughter from $150 per week to $175 per week, and to pay child support in the amount of $75 per week for his son.

Order modified, on the facts, by increasing the award of child support payable by the father for the parties' son from $75 per week to $150 per week. As so modified, order affirmed, without costs or disbursements.

The parties, who are still married, took up separate residences in 1977, at which time each of them retained custody of one of their two children. Subsequently, on January 24, 1978, a support order was entered in the Family Court, Nassau County

(Kutner, J.), directing the respondent to pay $150 per week for support of the one child (a daughter) residing with the petitioner mother. On or about June 10, 1982, the parties' remaining child (a son) elected to leave his father and move in with his mother.

In the instant proceeding, the mother requested an increase in the amount of child support payable to her for the support of her daughter, as well as an initial award of child support with respect to the son. The matter was referred for a hearing pursuant to Family Court Act § 439, and on June 16, 1983, the referee rendered a report in which he recommended, *inter alia,* that child support for the daughter be increased by $25 to $175 per week, and that the father be directed to pay $150 per week for the support of his son. The Family Court (Diamond, J.) accepted the former recommendation, but rejected the latter, and ordered the father to pay $75 per week for the support of his son. These appeals followed.

The evidence adduced at the hearing amply demonstrated a change of circumstances warranting the modest $25 per week increase in the award of child support for the daughter (*see, Matter of Brescia v Fitts,* 56 NY2d 132, 141), and so much of the order appealed from as granted such an increase should therefore be affirmed. Regarding the accompanying award of child support for the son, however, the award was insufficient. A proper consideration of the relative financial resources of the parents, the physical and emotional health of the child, his legitimate educational and vocational needs, and the standard of living which the child would have enjoyed had the family remained intact all warrant the indicated increase (*see,* Family Ct Act § 413; *Matter of Chauvin v Chauvin,* 78 AD2d 697).

We have considered the parties' remaining contentions and find them to be without merit. Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.