■ In the Matter of MAUREEN P. O'CONNELL, Respondent, v JOHN J. O'CONNELL, Appellant.—Kane, J. P. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered September 13, 1985, which, *inter alia,* denied respondent's cross motion for a downward modification of a prior support order.

The parties were married in 1959 and have eight children.

In 1982, the parties separated and by order dated September 1, 1982, respondent was ordered to pay $850 per month for child support. At the time of this order, two of the parties' children had reached the age of 21.

In January 1985, petitioner commenced a proceeding to enforce the order of September 1, 1982. Respondent cross-moved for a downward modification primarily on the ground that two of the children had attained the age of 21 since September 1, 1982. After conducting a hearing, Family Court granted petitioner's motion and denied respondent's cross motion. Respondent then took this appeal from that portion of the order which denied his cross motion. We withheld decision and remitted the matter to Family Court for formulation of findings of fact (126 AD2d 844). Family Court subsequently rendered its findings.

We affirm. Although between the date of the original order and the date of the hearing two of the parties' children attained the age of 21, the record adequately supports Family Court's conclusion that the current needs of the infant children residing with petitioner "warrant the continuation of the present order" (see, Family Ct Act § 413; Matter of Brescia v Fitts, 56 NY2d 132; Parry v Parry, 93 AD2d 989, 990). The fact remains that evidence presented by petitioner indicated that the needs of the minor children had increased and that $850 per month was a reasonable sum based on the children's needs and the parties' respective means (see, Matter of Chauvin v Chauvin, 78 AD2d 697). Moreover, there was no proof offered by petitioner that he was unable to afford the payments. The order should therefore be affirmed.

Order affirmed, without costs. Kane, J. P., Main, Weiss, Levine and Harvey, JJ., concur.